ISAAC HUFF AND MYRON HUFF, PLAINTIFFS IN ERROR, v. OLIVER R. AMES, DEFENDANT IN ERROR.

1. **Negligence:** JURY TO DECIDE. In an action for damages caused by a personal injury resulting from the alleged negligence of the defendant, the question as to whether the defendant was or was not guilty of negligence must be decided by the jury.

2. **Infant:** CONTRIBUTORY NEGLIGENCE. In an action by an infant for damages caused by the alleged negligence of the defendant where it is claimed by the defense that the injury resulted from the contributory negligence of the infant plaintiff, it is proper for the court to instruct the jury that in determining whether or not the plaintiff was guilty of negligence they should take into consideration his age and discretion in determining that fact, and that the same degree of caution and care should not be required of him as in case of an adult under similar circumstances.

3. ———: NEGLIGENCE OF PARENT NOT IMPUTED TO. The negligence of a parent or guardian cannot be imputed to an infant who is injured through the carelessness of another party.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*Batty & Ragan,* for plaintiff in error.

Plaintiff's negligence was the proximate cause and his employment by defendants, at most, but the remote

cause of the injury, the plaintiff therefore should not recover. *Trow v. Vermont R. R. Co.*, 24 Vt., 487. *Callahan v. Warne*, 40 Mo., 131. *Galena, Dunleith M. P. Co. v. Vandergrif*, 34 Id., 55. Redfield on Railways, 330. *Michigan R. R. Co. v. Leahey*, 10 Mich., 193. *Stilson v. Hannibal & St. Joe R. R. Co.*, 67 Mo., 671. On tenth instruction cited: *Waite v. N. E. Ry. Co.*, 28 Law Journal (Q. B.), 258. *Ohio, Etc., Ry. Co. v. Stratton*, 78 Ills., 88. *Pittsburg, Etc., Ry. Co. v. Vining*, 27 Ind., 513. *Fallon v. Cent. Park Ry. Co.*, 64 N. Y., 13. *Louisville, Etc., Canal Co. v. Murphy*, 9 Bush., 522. *Down v. N. Y. C. Ry. Co.*, 47 N. Y., 83. *Drew v. Sixth Avenue Ry. Co.*, 26 N. Y., 49, and see 96. Eng. Com. Law, 728, L. R., 7 Ex., 130. 102 Mass., 572.

*Tanner & Capps*, for defendant in error, cited: Wharton on Negligence, § 310. *Coombs v. New Bedford Cordage Co.*, 102 Mass., 572. Field on Damages, § 181. *Fort v. U. P. R. R. Co.*, 2 Dill., 259. S. C., 17 Wall., 553. *McMillan v. Union Brick Works*, 6 Mo. App., 434.

REESE, J.

The plaintiffs in error employed the defendant in error to labor for them in and about a cane mill, while engaged in crushing sugar cane. The defendant in error was a boy of the age of eleven years, and while feeding the mill his hand was caught between the rollers and so severely injured as to require the amputation of two of his fingers. This action was instituted by him, through his next friend, for damages resulting from the alleged carelessness of the plaintiffs in error in requiring him, at his age, to feed the cane mill, that being a dangerous employment.

Upon the trial the plaintiffs in error requested the court to give a number of instructions, a part of which the court refused to give, to which refusal the plaintiffs in error excepted. The jury having returned a verdict in favor of

the defendant in error and a motion for a new trial having been overruled, the plaintiffs in error bring the case into this court for review.

Under the rule adopted in *A. & N. R. R. Co. v. Bailey,* 11 Neb., 332, it is not thought necessary to examine the third, fourth, seventh, and eighth instruction asked by plaintiffs in error, and refused by the court, as the instructions, if given, would virtually have deprived the jury of passing upon the question of the negligence of the plaintiffs in error. The question as to whether there was or was not negligence must be left to the jury.

The fifth instruction requested by the plaintiffs in error, and refused by the court, is as follows:

" The court instructs the jury that the father of plaintiff had the right to agree with defendants for the boy Oliver R. Ames to feed the sorghum mill; and if the jury find that the said father did so agree with defendants, and that the boy, while laboring under said agreement, received the injury sued for, through his own negligence and carelessness, then he cannot recover herein."

The refusal to give this instruction was not error. The court on its own motion properly instructed the jury upon the question of the negligence of the plaintiff in the fourth instruction, which was, that if the jury found "from the evidence that the plaintiff failed or neglected to use that ordinary and natural care which the defendant had a right to expect from a person of the age and discretion, as shown by the proofs, in and about such employment, and that the plaintiff was injured by reason of his failure or neglect to use such natural and ordinary care and discretion, then the plaintiff cannot recover. But are instructed that the rule as to contributive negligence of a child is, that it is required to exercise only that degree of care which a person of the age of this plaintiff would naturally and ordinarily use in the same situation and under the same circumstances." This instruction, in connection with others given

by the court, we think, states the law correctly. Conduct on the part of an individual deficient in age and discretion might not be negligent, when the same conduct on the part of a person of age and discretion might be.

In Wait's Actions and Defenses, vol. 4, 720, it is said: "The rule of law in regard to the negligence of an adult and in regard to that of an infant ten years of age is materially different. By the adult there must be given that care and attention for his own protection that is ordinarily exercised by persons of intelligence and discretion. If he fails to give it, his injury is the result of his own folly and cannot be visited upon another. Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. Of a child of three years of age, less caution would be required than of seven, and of a child of seven less than one of twelve or fifteen. The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case."

The tenth instruction requested by the plaintiff in error, and refused by the court, was equally objectionable. In it the plaintiff sought to have the jury instructed that if they found "that the employment to which the plaintiff was hired was a dangerous one and the said father was guilty of negligence in so hiring said plaintiff to said work, and that the plaintiff received his injury by reason of said dangerous employment, but without fault or negligence of defendants, but by the carelessness of plaintiff himself, then the plaintiff cannot recover in this suit. The weight of authority is that the negligence of the parent, guardian, or other person lawfully in custody of a child which is injured, will be imputed to the child so as to bar a recovery of damage."

That the doctrine stated in the last clause of this instruction is held to be the law by some writers and many courts of last resort, may be true, but we think the weight of

authority, and the better rule to be the reverse, and that the rule is now established, that in an action *by the infant* for damages resulting from an injury to himself by the negligence or want of care of a third party, the negligence of the parent or guardian is not to be considered or imputed to the infant. *Daley v. Worcester, etc., R. R. Co.*, 26 Conn., 591. *Bellefontaine, etc., R. R. Co. v. Snyder*, 18 Ohio State, 399. *Cleveland, etc., R. R. Co. v. Manson*, 30 Ohio State, 451. *North Penn. R. R. Co. v. Mahoney*, 57 Penn. State, 187. *Whirley v. Whittemore*, 1 Head (Tenn.), 620. *Government Street R. R. Co. v. Hanlan*, 53 Ala., 70. *Norfolk, etc., R. R. Co. v. Ormsby*, 27 Gratt. (Va.), 455. *Hatfield v. Roper*, 21 Urena, 615. But when *the parent* sues for loss of services sustained by an injury to the child, then the contributory negligence of the parent may be a bar. *Gleassy v. Hestonville, etc., R. R. Co.*, 57 Penn. State, 172. *Louisville, etc., Canal Co. v. Murphy*, 9 Bush. (Ky.), 522.

Objection is made to the seventh instruction given by the court on its own motion, but as this instruction states the law as it is stated in the foregoing, we think it not necessary to notice it any further.

No error appearing upon the record, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.