LUCINDA BRADY, ADMINISTRATRIX, V. CHICAGO, SAINT
PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

FILED NOVEMBER 9, 1899.  No. 10,749.

1. **Personal Injuries: CONTRIBUTORY NEGLIGENCE.** Where contributory
negligence was the proximate cause of personal injury, there can
be no recovery of damages.
2. **Negligence: CONFLICTING EVIDENCE: REVIEW.** Where there is no
conflict in the evidence, and but one reasonable inference can be
drawn from the facts, the question of negligence is for the court.

ERROR from the district court of Madison county.
Tried below before ROBINSON, J. *Affirmed.*

*Robertson, Wigton & Whitham,* for plaintiff in error.

*John B. Barnes, Thomas Wilson* and *L. K. Luse, contra.*

NORVAL, J.

At the January term, 1897, a judgment in favor of the
administratrix was reversed and the cause remanded to
the district court for further proceedings. See *Chicago, St.
P., M. & O. R. Co. v. Brady,* 51 Nebr., 758. On the second
trial a verdict in favor of the defendant was returned in
response to a peremptory direction of the trial court.
This proceeding was instituted by the plaintiff to obtain
the reversal of the judgment entered thereon.

James Brady, on December 5, 1891, was run over and
killed by one of defendant's trains in the city of Norfolk.
This action was instituted by the administratrix of his
estate to recover damages for his death. The only ques-
tion presented is whether, under the evidence, the court
erred in directing a verdict for the defendant. We do
not think it did. The record discloses that the deceased
and his son, on the afternoon of the date named, were en-
gaged in hauling hay, and, while crossing the track of
the defendant, the accident occurred; that after the
wagon loaded with hay had crossed the track, the de-

ceased either jumped or fell off the wagon and was run over by one of defendant's passenger trains; that deceased for a distance of several hundred feet had an unobstructed view of the railroad track and approaching train, but did not stop, but crossed without stopping to look or to listen for the train. This constituted contributory negligence such as to prevent a recovery. See *Omaha & R. V. R. Co. v. Talbot*, 48 Nebr., 627; *Guthrie v. Missouri P. R. Co.*, 51 Nebr., 746; *Chicago, B. & Q. R. Co. v. Pollard*, 53 Nebr., 730. The evidence adduced established beyond controversy that the railroad company was not guilty of negligence, and that the engineer, as soon as he discovered the danger, put on the air brakes, and reversed his engine; in fact, did everything within his power to avoid the accident. Under the circumstances it was not error to direct a verdict for the defendant.

AFFIRMED.