# REBECCA A. MOON, Appellant, v. ST. LOUIS TRANSIT COMPANY.

### In Banc, November 27, 1911.

1. **NEGLIGENCE: Speed of Car: Testimony of Non-Expert.** Witnesses who saw the car in motion, though not experts as to the speed of cars, are competent to testify the speed of the car immediately before and immediately after its collision with plaintiff's carriage.

2. **————: Contributory Negligence as Matter of Law.** The facts in evidence in this case did not authorize the court to rule that the driver of the carriage across the railway track in front of an approaching street car was as a matter of law guilty of contributory negligence, but whether he was or not was an issue of fact which should have been submitted to the jury under proper instructions. If the only facts were that the driver when he was twenty-two feet from the track saw or could have seen a car approaching two blocks away, that he was driving about eight miles an hour and could have stopped the carriage within ten feet, then a ruling to the effect that as a matter of law he was guilty of contributory negligence would have been proper. But where the other facts were that the heads of the horses were only eight or ten feet from the track when the driver was twenty-two, that he could not have stopped the horses within eight or ten feet, which would have brought their heads to the track's rail, that he did not discover the car was running in excess of the ordinance speed until the team was within three feet of the track, which fact made it impossible for him to stop the horses in time to avoid the collision if he could not stop them within eight or ten feet, as the evidence tended to show, such a ruling was error.

3. **————: Of Master's Servant: Imputable to Wife.** The negligence of the master's servant is not imputable to the master's wife. Nor is the negligence of the husband ordinarily to be imputed to his wife, in case she is injured by his and another's concurring negligence. So that where there was some testimony tending to show that the servant in driving the carriage, in which were the plaintiff and her husband, was guilty of contributory negligence, and the testimony as to whether the driver was the servant of plaintiff or the servant of her husband was conflicting, the negligence of the servant, resulting in plaintiff's injury, even if established, could not as a matter of law be imputed to her. However, the negligence of the servant is imputable to his master, and if the latter is injured through the concurring negligence of the servant and that of some other person, the negligence of the servant will bar a recovery of damages by his master from such other person.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen*, Judge.

REVERSED AND REMANDED.

*John A. Gilliam* for appellant.

(1) The court erred in excluding the evidence as to the speed of the car. Stotler v. Railroad, 200 Mo. 123; Walsh v. Railroad, 102 Mo. 582; Aston v. Railroad, 105 Mo. App. 231; Hall v. Railroad, 124 Mo. App. 672. (2) The court erred in giving the instruction for defendant, which forced plaintiff to take a non-suit. Holden v. Railroad, 177 Mo. 471; Sluder v. Transit Co., 189 Mo. 137; Woods v. Railroad, 188 Mo. 244; Garrett v. Railroad, 64 Atl. (Del.) 254; Wolf v. Railroad, 91 Pac. (Oreg.) 460; Ashley v. Kanawha Valley Traction Co., 55 S. E. (W. Va.) 1016; Hauck-Hoerr Co. v. United Railroads, 127 Mo. App. 190; Hutchinson v. Railroad, 161 Mo. 246; Mullin v. Transit Co., 196 Mo. 572; Weller v. Railway Co., 120 Mo. 635. (3) The court erred in imputing the negligence of her husband and his driver (if there was any such negligence) to this plaintiff. Stotler v. Railroad, 200 Mo. 146; Becke v. Railroad, 102 Mo. 544; Sluder v. Railroad, 189 Mo. 138; Bailey v. Centerville, 115 Iowa, 273; Willfong v. Railroad, 116 Iowa, 548; Railroad v. Creek, 130 Ind. 139; Railroad v. Spilker, 134 Ind. 380; Railroad v. McIntosh, 140 Ind. 261; Railroad v. Johnson, 163 Ind. 518; Reading Township v. Telfer, 57 Kan. 798; Neal v. Rendall, 98 Maine, 69; Whitman v. Fisher, 98 Maine, 577; Finley v. Railroad, 71 Minn. 471; Lammers v. Railroad, 82 Minn. 120; Teal v. Railroad, 96 Minn. 379; Flori v. St. Louis, 3 Mo. App. 231; Hedges v. Kansas City, 18 Mo. App. 62; Munger v. Sedalia, 66 Mo. App. 629; Hajsek v. Railroad, 68 Neb. 539; Harris v. Uebelhoer, 75 N. Y. 169; Platz v. Cohoes,

24 Hun, 101, affirmed 89 N. Y. 219; Hoag v. Railroad, 111 N. Y. 202; Hennessy v. Railroad, 73 Hun, 269, 26 N. Y. Supp. 321; Metcalfe v. Railroad, 12 App. Div. 147; Davis. v. Guarnieri, 45 Ohio St. 470; Railroad v. Greenlee, 62 Tex. 344; Railroad v. Kietoe, 2 Tex. 643; Schouler's Dom. Rel. (5 Ed.), secs. 34 to 50; Sheffield v. Central Union Tel. Co., 36 Fed. 164; Shaw v. Craft, 37 Fed. 317; Petersen v. St. Louis Transit Co., 199 Mo. 331; Noyes v. Boscawen, 64 N. H. 361; Lapsley v. Railroad, 50 Fed. 172, affirmed 51 Fed. 174; Johnson v. St. Joseph, 96 Mo. 671; Schultz v. Old Colony St. Ry. (Mass.), 8 L. R. A. (N. S.) 597.

*Boyle & Priest* and *T. M. Pierce* for respondent.

(1)  Plaintiff's driver was guilty of contributory negligence as a matter of law.  Sanguinette v. Railroad, 196 Mo. 494; Beach on Contributory Negligence (2 Ed.), sec. 182; Wharton on Negligence (2 Ed.), sec. 382.  It has been said that where the evidence shows that the car was traveling over three times as fast as the wagon and that it had more than four times as far to go, after the motorman saw the wagon, as the wagon had, and that the driver thought he could cross the track in safety, the motorman is not to be condemned if he thought the same.  Roenfeldt v. Railroad, 180 Mo. 554.  Suppose that the motorman saw the carriage approaching, did he not have a right to suppose that the driver would stop when he had ample time to do so?  It was not the duty of the motorman to commence to check his car until there was something in the conduct of the driver to indicate that he did not intend to stop.  The undisputed proof shows that when the driver was more than twenty-two feet from the track he could see Olive street towards the south and that he could have stopped his team within a few feet.  How, then, can the judicial mind escape the conclusion, or how can reasonable

minds differ upon the proposition, that the driver was negligent? Walker v. Railroad, 193 Mo. 453; Reno v. Railroad, 180 Mo. 469; Petty v. Railroad, 179 Mo. 666; Henzelman v. Railroad, 88 Mo. App. 123; Laun v. Railroad, 216 Mo. 580. The law is, that if one sees, or has reason to believe, that a street car is running in violation of a speed ordinance, he has no right to risk his life on the presumption that the ordinance is being observed. Green v. Railroad, 192 Mo. 131; Stotler v. Railroad, 204 Mo. 639. There was no evidence tending to prove within what distance a car running at twenty or twenty-five miles an hour could be stopped, and there was, therefore, no showing that the car could have been stopped in time to have averted the injury after the driver placed himself in a position of peril. In the absence of such showing, a recovery cannot be had under the Last Chance Doctrine. McGhee v. Railroad, 214 Mo. 541; Wilkerson v. Railroad, 140 Mo. App. 316; Zurfkuh v. People's Ry., 46 Mo. App. 642; Theobald v. Railroad, 191 Mo. 395; Dey v. Railroad, 140 Mo. App. 461. (2) The negligence of the driver was imputable to plaintiff. The erudite counsel for plaintiff has set out a great number of cases holding that the negligence of a woman's husband driving a vehicle in which she is seated, cannot be imputed to her. This is undoubtedly and unquestionably the law in this State and in many others. Hedges v. Kansas City, 18 Mo. App. 62; Flory v. City of St. Louis, 3 Mo. App. 231. But in New York, Indiana, Missouri, and other States, where a change has been made in the common law relations of husband and wife, and married women have a right to recover damages sustained by them for their own separate use, the contributory fault of a husband, while in company with his wife, is not chargeable to her in such an action. In the case under consideration, however, the husband had no control over his wife's actions, nor was she subject to his directions. She sat by his

side, *sui juris*, invested by law with all the necessary weapons with which to vindicate her own rights. She was being driven by a servant under her dominion; one who would stop when she ordered, and direct the vehicle to any place where she commanded. He was her servant and she was his mistress. There is no controversy about the facts. Central Passenger Ry. Co. v. Chatterson, 14 Ky. Law Rep. 665; Nellis on Street Railway Accident Law, p. 484, sec. 5; Markowitz v. Railroad, 186 Mo. 357.

WOODSON, J.—The plaintiff instituted this suit against the defendant to recover the sum of $15,000, damages for personal injuries sustained through the alleged negligence of the defendant.

A trial was had in the circuit court of the city of St. Louis, which resulted in the plaintiff taking an involuntary non-suit, with leave to move to set same aside.

Upon motion for that purpose being filed and over-ruled, the plaintiff duly appealed the cause to this court.

The facts are few and are substantially as follows, as appear from appellant's and respondent's statements of the case.

Appellant's evidence tended to show that she was riding in her husband's carriage, which was driven by her husband's driver, her husband sitting by her side, about 11 o'clock p. m. on February 13, 1904. While crossing Taylor avenue at its intersection with Washington boulevard her husband's carriage was struck by a St. Louis Transit Company car, then going at a speed estimated from 17 to 25 miles an hour. No gong or bell was rung or any other warning given of the approach of the car. The car had on it a small, dim light. The carriage when struck was knocked upon its side, and dragged from 40 to 100 feet, the plaintiff

was cut and bruised severely, her neck twisted and strained so as to cause her great pain and suffering for many years, and a dizziness caused which at the time of the trial still existed. The limit of speed permissible under the ordinance in evidence, No. 21113, was fifteen miles per hour, restricted, however, by that provision which provided that it should not be construed as sanctioning or allowing any car at any time or place to run at any rate of speed which may be dangerous to the safety of passengers or persons on the streets.

The driver of the carriage testified that when he got about one hundred feet from the track he slowed down and checked his horses and listened for a car and hearing none he increased his speed to about the same gait that he was going just before he slacked up, and from that time until he was struck he looked both ways and listened for cars. He did not hear or see any and proceeded to cross the tracks going from six to eight miles an hour. When his horses got about eight feet from the track, he being about twenty feet therefrom, he saw a car coming from the south, he thought, about 150 or 160 feet away. He judged he could cross safely, but when his horses were about three feet from the track he saw that the car was coming much faster than he at first thought, and he then whipped up. The carriage was struck on the rear hub. The driver testified that the car was going about three times as fast as the carriage at the time he was struck, and that he could have stopped the carriage in a distance of from eight to ten feet.

There was no evidence as to the distance in which the car could have been stopped.

The driver also testified that he was coachman for the family; drove Mr. and Mrs. Moon; took orders from both of them, and that Mr. Moon was his master and Mrs. Moon was his mistress.

I.   There are but three legal propositions presented by this record for determination, namely:   First, did the court err in excluding the testimony of witnesses offered to show the speed at which the car was running at the time of and just prior to the collision, who were not shown to have been experts in that regard?   Second, was the driver of the carriage guilty of negligence as a matter of law?   And third, was his negligence imputable to the appellant?

We will dispose of those questions in the order stated.

The first proposition mentioned has been definitely settled against the respondent by this court in a number of cases.   For instance, in the case of Stotler v. Railroad, 200 Mo. 123, l. c. 128, Judge LAMM cited with approval the case of Walsh v. Railroad, 102 Mo. 586.   In that case Judge BLACK said:

"The first point made by the appellant is that there is no competent evidence showing that the train was running at a rate of speed exceeding six miles an hour. This case is quite unlike that of Williams v. Railroad, 96 Mo. 275.   There the witness did not see the moving cars; he heard the noise from the collision only, and was at his stable and not at the place of the accident. Under such circumstances his evidence was deemed to be of no value.   Here the witness Katz, who says the train was running eighteen or twenty miles per hour, was standing in his door with the train in front of him.   It was in the nighttime, it is true, but he says the streets were lighted and that there were lights on the cars.   The case just cited asserts the rule to be that the rate of speed of moving cars may be shown by the opinion of a witness who saw the cars in motion. Such an opinion no more involves a question of science than does an opinion concerning the speed of a horse. One who sees a moving train and possesses a knowledge of time and distance is competent to express an opinion as to the rate of speed at which the train is moving.

[Railroad v. Van Steinburg, 17 Mich. 99.] See also Pence v. Railroad, 42 Am. & Eng. R. R. Cas. 126. The opinion of one who has never timed moving cars may not be as reliable as the opinion of one who has had such experience, but that goes to the weight and not the competency of the evidence."

The witness in that case was not shown to have been an expert upon the question of the speed of trains, but gave his opinion as to the speed it was going, simply from seeing it run.

Judge LAMM in the Stotler case adds: "Obviously it would be nonsense to say that a rate of speed could only be shown by expert testimony. If that were so, then a plaintiff injured by negligent speed, who was so unfortunate as to have no premonition of his coming fate, and who, therefore, had omitted to provide himself with experts at hand and so located as to see the train and judge of its speed at the critical time, would be in hard lines, indeed. The story of such a case would run thus: no experts, no case."

We are therefore of the opinion that the trial court erred in rejecting the evidence offered by appellant.

II. Counsel for appellant also insists that the court erred in holding as a matter of law that the driver of the carriage was guilty of negligence, which directly contributed to the injury.

There can be no question but what that ruling of the court was erroneous, without the testimony of the driver; which was to the effect that, when he was twenty-two feet from the track, he saw or could have seen a car approaching at Olive street, two blocks away; and that he was driving about eight miles an hour, and could have stopped the carriage in a space of eight or ten feet.

Upon that evidence, counsel for respondent insist that if the driver when twenty-two feet east of the

track saw the car, or could have seen it two blocks
away and could have stopped the carriage in eight or ten
feet, and failed to do so, then he was guilty of negligence
as a matter of law. In other words, it is contended
that the driver's own, testimony shows that he had
ample time and space within which to have stopped
the carriage, and thereby have avoided the collision,
and having failed to so do, he was guilty of negligence
as a matter of law. That is, if he saw the car at that
distance and did not stop, he was guilty of negligence
in not doing so, and if he could have seen it by looking,
but did not do so, then he was guilty of negligence in
failing to look.

If the foregoing evidence upon which counsel for
respondent predicate that insistence was all the testi-
mony bearing upon that point then that insistence
would undoubtedly be sound, but unfortunately for
respondent, that was not all the evidence bearing upon
that question, for the record shows that the heads
of the horses were only eight or ten feet from the
track when the driver was twenty-two feet from it;
that is, he was the length of the horses plus the space
between them and him further from the track than were
the heads of the horses.

That being true and coupled with the further fact,
which the evidence tended to show, that the driver
could not have stopped the horses under eight or ten
feet; their heads would have been right in the line
of the track, had he stopped them within that distance;
and had he done so under that state of facts, the car.
which projects a foot or two over the rail would have
struck the horses' heads, and what would have been
the result of that, no one can tell.

But that is not all, the evidence for appellant
further tended to show that the driver did not realize
or discover that the car was running in excess of the
ordinance speed, until the team was within three

feet of the track, which fact made it impossible for him to have stopped in time to have avoided the collision if he could not have stopped the team under eight or ten feet as the evidence tended to show; and until he discovered the speed of the car, the driver had the right to presume and to rely upon the presumption, that the car was not running in excess of the speed prescribed by the ordinance. If the speed of the car had not exceeded that fixed by ordinance, then clearly under the evidence in this case the collision would not have occurred.

Consequently, we must hold that the court erred in holding as a matter of law, that the driver was guilty of negligence. That was a question of fact which should have been submitted to the jury by appropriate instructions given by the court.

This proposition is therefore ruled in behalf of appellant.

III. This brings us to the consideration of the last proposition presented; namely, Was the negligence of the driver of the carriage in which the appellant and her husband were seated, imputable to her?

The trial court not only held that the driver of the carriage was guilty of negligence as a matter of law, but also that his negligence was imputable to appellant.

In view of our holding on the second proposition in the case, as stated in the second paragraph hereof, this ruling of the trial court was also erroneous, for the reason the court had no right to impute the negligence of the driver to the appellant, at least, until after it has been determined that he was guilty of negligence.

But independent of that holding, counsel for appellant contends that even though it be conceded that the driver was guilty of negligence which contributed to the injury, nevertheless, appellant is entitled to a recovery in this case for any injury she may have

received by the negligence of the respondent, for the reason that the driver's negligence is not imputable to her. Upon the other hand counsel for respondent insist that the driver was not only the servant of the husband, but was also that of the appellant. We have heretofore set forth the evidence bearing upon that question as stated by counsel for respondent, in their statement of the case.

The law in this State is well settled, as well as in many of the others, that the negligence of neither the husband nor that of his servant is imputable to that of the wife. [Shultz v. Railroad, 193 Mass. l. c. 316.]

After an extended review of the authorities in that case, the court concluded with the following language: "But the great weight of authority is in favor of the proposition that the negligence of a husband is ordinarily not imputed to his wife, in case she is injured by his and another's concurring negligence."

That is the general rule, not only between husband and wife, but also between all others, as will be seen from a consideration of the following cases: [Stotler v. Railroad, 200 Mo. l. c. 146–148; Becke v. Railroad, 102 Mo. 544; Sluder v. Railroad, 189 Mo. l. c. 138 et seq.; Loso v. Lancaster County, 77 Neb. 466; McBride v. Railroad, 109 N. W. (Ia.) 621–622; Bailey v. Centerville, 115 Iowa, 273; Willfong v. Railroad, 116 Iowa, 548; Louisville, N. A. & C. R. Co. v. Creek, 130 Ind. 139; Chicago, etc., R. Co. v. Spilker, 134 Ind. 380; Lake Shore, etc., R. Co. v. McIntosh, 140 Ind. 261; Indianapolis, etc., R. Co. v. Johnson, 163 Ind. 518; Reading Township v. Telfer, 57 Kan. 798; Neal v. Rendall, 98 Maine, 69; Finley v. Railroad, 71 Minn. 471; Whitman v. Fisher, 98 Maine, 577; Lammers v. Railroad, 82 Minn. 120; Teal v. Railroad, 96 Minn. 379; Flori v. St. Louis, 3 Mo. App. 231; Hedges v. Kansas City, 18 Mo. App. 62; Munger v. Sedalia, 66 Mo. App. 629; Hajsek v. Railroad, 68 Neb. 539; Harris v. Uebelhoer, 75 N. Y. 169; Platz v. Cohoes,

24 Hun, 101, affirmed 89 N. Y. 219; Hoag v. Railroad, 111 N. Y. 202; Metcalfe v. Railroad, 12 App. Div. 147; Hennesy v. Railroad, 73 Hun, 569; Davis v. Guarnieri, 45 Ohio St. 470; Gulf, etc., R. Co. v. Greenlee, 62 Tex. 344; Schouler's Dom. Rel. (5 Ed.), secs. 34–50; Sheffield v. Central Union Tel. Co., 36 Fed. 164; Shaw v. Craft, 37 Fed. 317; Petersen v. Transit Co., 199 Mo. 331; Noyes v. Boscawen, 64 N. H. 361; Lapsley v. Railroad, 50 Fed. 172, 51 Fed. 174; Johnson v. St. Joseph, 96 Mo. App. l. c. 671; Southern Railroad v. King, 128 Ga. 383; Shultz v. Railroad, 193 Mass. 316; Dickson v. Railroad, 104 Mo. l. c. 504.

However, the general rule before stated has this exception or qualification, viz.: that negligence of a servant is imputable to the master, and if the latter is injured through the concurring negligence of the servant and that of some third person, then the negligence of the servant is imputable to the master and will bar his right of recovery as completely as if his own negligence had contributed to his injury.

In the case at bar, as in all other cases, the burden of proof is upon the party who alleges the fact to prove that the driver of the carriage was the servant of the appellant. While there is some evidence which tends to show the driver was her servant, yet there was equally as much, if not more, which tended to show that he was the servant of the husband and not that of the appellant. Certainly it was not so conclusively shown that he was her servant, in a legal sense, as justified the trial court to so declare, as a matter of law, as it must have done in this case. At most, the evidence upon that question was vague, general and uncertain in meaning, and clearly insufficient upon which to predicate a demurrer.

This ruling of the court was also erroneous.

We therefore reverse the judgment and remand the cause for a new trial. All concur, except *Graves, J.*, who dissents as to result in separate opinion.

## DISSENTING OPINION.

GRAVES, J.—I concur in the first paragraph of the opinion written by our brother WOODSON. I do not concur in the second paragraph, because as I read the evidence in the record, the driver was guilty of negligence as a matter of law. As I read the evidence showing the surroundings and what was done by the driver, the trial court had a right to say as a matter of law that there was negligence upon the part of the driver, which contributed to the injury of plaintiff.

Nor do I concur in all that is said in the third paragraph of the opinion. I therefore dissent as to the result.