## THE CITY OF ROCK FALLS

*v.*

. MAGGIE. WELLS.

*Opinion filed November 8, 1897.*

1. APPEALS AND ERRORS—*whether the defendant's negligence is the proximate or remote cause of injury is a question of fact.* Whether the negligence of the defendant as charged in the declaration is the proximate or remote cause of the plaintiff's injury is a question of fact for the jury, which is conclusively settled by the Appellate Court's judgment of affirmance.

2. MUNICIPAL CORPORATIONS—*city liable for injury resulting from accident and city's negligence combined.* A city is liable for injuries received by a person observing due care for his safety, as the combined result of an accident and the city's negligence, although the accident is the primary cause of the injury, where the injury would not have occurred but for such negligence, and the consequences of its negligence could, with common prudence and sagacity, have been foreseen and provided against by the city.

*City of Rock Falls* v. *Wells,* 65 Ill. App. 557, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. JAMES SHAW, Judge, presiding.

Appellee recovered a judgment for $2500, which has been affirmed by the Appellate Court, against appellant, for a personal injury received by her on North street, a public street of the appellant, caused, as it is alleged, by an obstruction in said street. Appellee, in company with her sister, a young girl, was riding in a sleigh drawn by one horse, and soon after turning into said street from another saw a runaway horse attached to a buggy coming west in the direction to meet her, on the same side of the street. In order to avoid the threatened collision appellee undertook to cross over to the opposite side of the street. Along the center of North street was an electric street railway, which was unused and had not been used for several months. The railway ties and track

were from six to ten inches above the street, and were an obstruction to travel. The roadway on the south side of the track,—the side on which appellee was,—was only ten or twelve feet wide, there being a ditch along the outside of this roadway. In endeavoring to drive across the railway track and get out of the way of the runaway horse, appellee's sleigh, when her horse got between the rails, stuck fast against the south rail, and being unable to proceed further she jumped out of the sleigh, and, for the purpose of warding off the approaching horse, went to the head of her horse and struck the runaway with her whip as he approached, which caused him to veer to the south and to strike a trolley pole. One of the wheels of the buggy was running on the track, and it, sliding upon the rail as the horse turned, struck appellee and broke her left leg and inflicted an apparently permanent injury.

J. W. WHITE, and H. L. SHELDON, for appellant.

J. E. McPHERRAN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The only contention made by appellant on this appeal is, that the negligence of appellant in allowing North street to be and remain obstructed and in the condition dangerous to those passing over it, as shown by the evidence, was only the remote, and not the proximate, cause of the injury; that the intervening efficient cause of the injury was the runaway horse, with which the city had nothing to do. This is a question of fact, which has been determined adversely to appellant by the Appellate Court. The instructions were certainly as favorable to the defendant as the law warranted. In different instructions given, some at the request of the plaintiff and others at the request of the defendant, the jury were told that the plaintiff could not recover unless they found, from the evidence, that the negligence of the defendant in allowing the street at the place of the accident to be

and remain obstructed and in an unsafe condition was the proximate cause of the injury. The court explained in other instructions the difference between remote and proximate causes of injuries, as defined in the law applicable to cases of such character, and at defendant's request gave, among others, the following instructions:

"The jury is instructed that the damages to be recovered in an action must always be the natural and proximate consequences of the wrongful act complained of. If a new cause or agency has intervened, of itself sufficient to stand as the cause of the injury, the first must be considered as too remote. And the jury is instructed, that to entitle the plaintiff to recover in this case the damage claimed must be the direct consequences of the act complained of. The relation of cause and effect must be shown to exist between the act complained of and the injury; and this relation of cause and effect cannot be made out by including a new cause for which defendant was not responsible."

"You are instructed that if you believe, from the evidence, that the immediate and proximate cause of the injury was the runaway horse and buggy, (and not obstructions in the street,) then the plaintiff cannot recover in this case unless you shall also believe that the horse was caused to run away by some negligent act of the defendant, even if you shall find that the street was defective, as charged in the complaint."

"The court instructs you, that if you believe, from the evidence in this case, that the condition of the street and the runaway horse both concurred in producing the injury complained of, and it cannot be determined which contributed most largely, or whether, without the concurrence of both, it would have happened at all, and that the defendant is responsible only for the consequences of the defective condition of the street, if you believe, from the evidence, it was defective, a recovery cannot be had against the defendant."

Without considering whether the plaintiff might not have had cause to complain of these instructions, it is clear the defendant was not injured in its defense by any action of the court in instructing or refusing to instruct the jury on the question urged upon our attention by the counsel for appellant. This court is not committed to the doctrine as laid down by the courts of some of the States, but has held, "that if a plaintiff, while observing due care for his personal safety, was injured by the combined result of an accident and the negligence of a city or village, and without such negligence the injury would not have occurred, the city or village will be held liable, although the accident be the primary cause of the injury, if the consequences could, with common prudence and sagacity, have been seen and provided against" by such city or village. (*City of Joliet* v. *Verley*, 35 Ill. 58; *Village of Carterville* v. *Cooke*, 129 id. 152; *City of Joliet* v. *Shufeldt*, 144 id. 403; *Weick* v. *Lander*, 75 id. 93.) And has also held that the intervention of the negligent act of a third person over whom neither the plaintiff nor the defendant has any control, no more than an accident, breaks the causal connection of the negligence of the city with the injury. *Village of Carterville* v. *Cooke, supra.*

We have carefully considered the able argument of appellant's counsel and examined the authorities cited, but are unable to reach the conclusion for which they contend. In the case at bar appellee was in effect imprisoned and held in a place and under circumstances of imminent danger by the obstruction in the street, so that she was unable to avoid the injury which she could have avoided had the street been in a reasonably safe condition, and it may well be that the elevated position of the rail caused the wheel to strike her. At all events, the facts have been settled in her favor, and no error as to the law was committed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*