## Missouri Malleable Iron Co. v. John T. Dillon.

1. PROXIMATE CAUSE — *A Question of Fact.*— What is proximate cause depends upon the particular facts of each particular case. It is usually a question of fact to be determined by the jury.

Trespass on the Case, for personal injuries. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903.

WISE & McNULTY, attorneys for appellant.

FREELS & JOYCE, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case, in the City Court of East St. Louis, by appellee against appellant, to recover damages for a personal injury sustained by appellee while in the service of appellant. Trial by jury. Verdict and judgment in favor of appellee for $1,500.

The declaration and plea are, in substance: That the Missouri Malleable Iron Company is a corporation operating a large manufacturing plant in East St. Louis, Illinois, in which it manufactures various kinds of castings, and in conducting its business, uses and operates a large building, 100 feet long by 100 feet wide, which room is called the annealing room; that various kinds of machinery, tools, pots, furnaces and ovens are used in said room; that the plaintiff was employed therein as a laborer and packer; that on the 22d day of February, 1900, he was

so employed by the defendant in said annealing room, where the castings are taken after being turned out at the foundry, and the packers place them in pots and the pots are placed in hot ovens; when the pots are taken out they are put on a long two-wheeled truck and wheeled to another and distant part of the building, where the pot is taken from the truck and placed on the iron floor and left to cool; that it was the duty of packers to assist in putting pots in the oven, in taking them out and placing them in position to cool; that the plaintiff, while engaged in said work, was using due care for his own safety. Plaintiff avers that the pot so used by the defendant consists of five and one-half parts called rings, and is about six feet high and weighs about 2,000 pounds; that the rings are square and set in layer fashion, one on top of the other, and the floor in said room is covered with square iron plates; that it was the duty of the defendant to use ordinary care to see that the floor on which plaintiff worked in said building was properly constructed, in good repair and safe condition for use and travel thereon in said work required of him by the defendant, and to see that said truck and machinery and appliances for use therein were properly constructed, in good repair and safe condition for use by the plaintiff and his co servants in performing the work required of them by the defendant in conducting its business. Plaintiff avers that defendant negligently failed to exercise ordinary care to see that the floor on which plaintiff worked was properly constructed and in good repair and safe condition for plaintiff to work thereon, but the defendant negligently permitted the said floor to be and remain in a defective, broken and unsafe condition, with holes and uneven places therein and the surface thereof. Plaintiff avers that the defendant negligently failed to exercise ordinary care to see that the said truck and the appliances thereof were properly constructed, in good repair and safe condition for use by the plaintiff in the performance of his work. Plaintiff avers that the said truck and appliances were defective in construction, out of repair, and unfit for use in

said work, in this, that the said truck had no brace, or railing, to stay, or prevent said pot from sliding down upon the plaintiff and his co-workers, who were pushing or pulling the truck, of all of which premises the defendant had notice prior to and on the day aforesaid, or by the exercise of ordinary care would have had notice, and of which the plaintiff had no notice.   And plaintiff further avers that on the 22d day of February, 1900, he and his co-laborers were with ordinary care and diligence for their own safety pushing or pulling said truck with one of the pots thereon, packed as aforesaid, from the oven to a distant part of the room, to be placed there to cool, and before reaching said place one wheel of the said truck, by reason of the negligence of the defendant by furnishing a defective and insufficient floor, ran into a hole in the floor, and in consequence of said negligence and also in consequence of the negligence of the defendant in furnishing a defective, insufficient and unsafe truck, the top two and one-half rings of said hot pot were thrown off and fell down on the plaintiff's left arm and pinioned it on the handle or pole of said truck, and crushed it from the elbow to the hand, and he was so held by the great weight of hot iron on his arm till his fellows with hand spikes or poles lifted it off his arm and sent him to the hospital, where he remained five months and suffered much pain of body and mind from said injury; that said arm and hand in consequence of the injury aforesaid have been wholly disabled, by reason of which plaintiff is permanently disabled from performing all kinds of manual labor.   Plaintiff avers that prior to his injury he was a strong, healthy man, earning $9 a week; that he is now permanently injured and disabled for life; that he has expended $500 for medical treatment, medicines, etc., endeavoring to be cured of his injuries.

Plea of not guilty.

The evidence strongly tends to prove every allegation in the declaration necessary to a recovery, and it is not claimed by counsel that there was any error in the rulings of the trial court as to the admission or rejection of evidence.

Counsel raise a number of questions as to what the evidence proves. These we do not feel called upon to discuss in detail but will content ourselves in that respect with what is above said. The principal reliance for a reversal of the judgment of the trial court, is upon the claim that neither the condition of the floor, the construction of the truck, nor both of these together caused the injury sustained; that the negligence charged was not the proximate cause of the injury, and that if it was, appellee and his co-servants were guilty of contributory negligence.

The testimony shows that the truck in use consisted of two wheels, one on each end of an axle—wheels twenty inches in diameter, with four-inch face, a tongue or pole by which it was pushed or pulled, twenty feet long, and prongs projecting from the rear, upon which the load rested. The load consisted of boxes of hot castings, resting one upon another, to the height of six feet. These boxes were each about twelve inches high, twenty-one inches long and eighteen inches wide, and a load of them weighed from 2,000 to 2,500 pounds. In the construction of the truck there was no railing or other device to prevent the stack of boxes composing the load from toppling over. The truck when in operation was manned by a crew of ten men, five on each side of the tongue or pole to propel and guide the truck. On the occasion of the injury the men were pushing the truck when one wheel ran into a hole in the floor, and the man steering the truck said, "We've got to get out of here," and the men all turned and went to pulling out. Appellee was near the wheel, and when they started to pulling, the stack toppled over and fell on him, and very seriously injured him. There is evidence tending to show that in pulling, the tongue was bobbled up and down, and there is evidence tending to show that there were other ways by which the wheel might have been gotten out of the hole than by pulling it out.

Counsel for appellant contend that appellee and all the men working with him were fellow-servants, that the conduct of each is imputable to all, and that some or all of the

men engaged in operating the truck were guilty of negligence in the matter of bobbling the tongue up and down, and in the manner adopted by them for getting the wheel out of the hole; and that such negligence contributed to the cause of the injury, or in whole caused it.

The jury were warranted from the evidence in believing that the tongue was not bobbled on this occasion more than would be ordinarily and reasonably incident to its use in pulling by the men, and while there were other methods and perhaps safer ones for getting the wheel out of the hole than the one adopted by the men, still, the jury were warranted in believing that the men were in the exercise of ordinary care in the method adopted.   Under such circumstances men are not required to exercise the highest degree of care, nor to adopt the wisest possible methods.   It is always easy to look backward after it is all over, and study out how things might have been done differently, and to suggest that if this or that had been done or left undone, the injury would not have occurred.   The deliberately focused hindsight of an interested expert or resourceful lawyer is much more acute and clear than the foresight of an ordinary plodding workman, wholly occupied with the accomplishments of his task, when suddenly required to cope with unexpected conditions.

Counsel insist that there is a variance between the declaration and proof.   They contend that the proof shows that the stack was caused to fall "by the persons pulling the truck and bobbling the pole," and not by the negligence charged in the declaration.   This contention is involved and included in the claim that the negligence charged was not the proximate cause of the injury.   If the negligence charged contributed to produce the injury, as an efficient and proximate cause, then there was no variance.

What is proximate cause, is usually a question of fact to be determined by the jury, and is as difficult to define as negligence.   It depends upon the particular facts of each particular case.   In the case at bar, all that occurred and the injury that resulted were incident and sequent to the

negligence charged in the declaration, and that is sufficient to establish proximate cause, under the facts of this case. Pullman Palace Car Co. v. Laack, 143 Ill. 242; City of Rock Falls v. Wells, 169 Ill. 224; C. & A. R. R. Co. v. Harrington, 192 Ill. 10; C. & E. I. R. R. Co. v. Mochell, 193 Ill. 208. We find no error in this record warranting a reversal. The judgment of the City Court of East St. Louis is affirmed.