## FAILURE TO PROVIDE APPROACH TO COUNTY BRIDGE WITH GUARD-RAILS.

Court of Appeals for Belmont County.

COMMISSIONERS OF BELMONT COUNTY V. BROWN.

Decided, May 3, 1916.

*Bridges—Construction of Section 7563—Liability of County for Failure to Provide Guard-Rails for Approaches—Where Joint Negligence of Third Party Contributed to Accident.*

A county is liable for all damages which are the result of a failure to erect guard-rails on the approach to a county bridge, as required by Sections 7563 and 7564 of the General Code, though the injury was caused by the joint negligence of a third party and the failure of the board of caunty commissioners to comply with the provisions of the sections of the General Code just noted.

*George Thornburg* and *A. W. Kennon,* for plaintiff.
*R. W. Schertzer* and *C. E. Timberlake,* contra.

POLLOCK, J.

Error to the Court of Appeals for Belmont County.

The defendant in error brought an action in the court of common pleas of this county against the plaintiffs in error, seeking to recover for damages which she claimed to have sustained by the failure of the commissioners of this county to provide guard-rails on the sides of the approach to the bridge over the creek known as Capitana creek.

She claimed in her petition in that court that she was riding in an automobile, driven by another person, and as the machine was going up the approach to this bridge it went over the side of the embankment and she was injured. She further claimed that her injuries resulted from the negligence of the board of county commissioners in their failure to perform their statutory duty in providing guard rails along the sides of this approach.

To this petition there was an answer filed which alleged, among other things, that plaintiff was well acquainted with this highway, with the bridge and its condition, and that plaintiff was guilty of contributory negligence; and also alleging that the driver of this automobile was guilty of negligence in approaching and attempting to drive on this bridge at a high rate of speed, and that the accident was caused by his negligence.

The case went to trial resulting in a judgment in favor of the plaintiff below, and the county commissioners are now seeking to reverse that judgment because of errors which they claim occurred in the trial of the case.

The public road over which the automobile was traveling follows the creek bank to near the end of this bridge, and there makes almost a right angle turn upon the approach to the bridge. The approach to the bridge is up an elevation of something like twelve degrees, and there was no guard-rail on the end of this bridge or on the sides of the approach, as required by the General Code, Section 7563 and following sections. It was admitted that this end of the bridge and the approach is more than six feet above the level of the ground, or more than six feet high.

The testimony shows that on this day a neighbor by the name of Owens was passing the house of Mrs. Brown in his automobile, and she was taken into the automobile; that they proceeded along this public road to the approach of this bridge; that as they attempted to turn upon the bridge over the approach to this bridge, that the automobile went over the side of the approach to the bridge, and the plaintiff below was injured.

There is testimony tending to show that the automobile was driven along the public road at a rapid and dangerous rate of speed, and that the speed was not slackened as the automobile approached the end of the bridge or the elevation to the bridge, and that by reason of the rapid rate of speed, the driver of the machine was unable to turn it sufficiently to go up the approach and on to the bridge; that Owens, the driver of the machine, was negligent in not checking the speed of the machine before he came to the angle in the road required to turn on to the approach to the bridge, and that his negligence contributed to cause the injury to Mrs. Brown.

Now, in this condition of the evidence the court at the close of the testimony was requested by the defendant below to charge the jury before argument that, if from the evidence the plaintiff's injuries did· not result solely from the failure of the commissioners to erect these guard-rails, the plaintiff below could not recover. Then in further request the court was asked to charge the jury before argument that if the accident occurred from the joint negligence of the driver of the auto-, mobile, Owens, and the failure of the commissioners to erect these barriers, the plaintiff could not recover.

The court refused to give these requests and in the general charge said that:

"If the accident involved in this lawsuit would not have happened had there been such guard-rails or hedge fence erected and maintained at the time along the sides of this approach, as we have stated to you the county commissioners . were required to erect and maintain, then the failure to so erect and maintain the same was the proximate cause of the automobile falling over said approach, and in that event the plaintiff would be entitled to recover, unless you should further find —under the rules hereinafter given you—that she was herself guilty of contributory negligence.

"If the accident would have happened even though the defendants had maintained the guard-rails and hedge fence which we have stated to you they were required to furnish, then the plaintiff could not recover in any event, for the reason that in that event the failure to so construct same would not be the proximate cause of the accident."

Now, the court refused to charge as requested, and charged that if the accident occurred by reason of the neglect of the commissioners to provide these guard-rails, she had a right to recover. In other words, under the court's charge to the jury, Mrs. Brown had a right to recover even if her injury was the result of the combined negligence of both the board of county commissioners and the driver of the automobile.

The general rule prevails in nearly all of the American courts that where a person riding in a conveyance by the invitation of the driver, having no control over him, and no reason to suspect his want of due care, is injured by the concurring negligence of the driver and a third person, the negligence of the driver will not prevent a recovery of damages from the other tort feasor. 1st Thompson on Negligence, Section 502.

The plaintiff in error urges that as this recovery is based upon a statutory right, requiring the public to pay damages for the neglect of public officers to comply with provisions of the statute, and that at common law there could be no recovery against the county for failure to provide such guard-rails, that the county is not liable unless the accident occurred from its own sole negligence; that the general rule of the liability of joint tort feasors does not prevail against the county where the liability is created by statute. That is the principal legal question in this case to be determined.

The principle is well supported that, where the party injured was in the exercise of ordinary care and the injury is caused by the neglect of public officials, either municipal or county, combined with some accidental cause, the party injured may recover damages against the public body which was negligent (City of Crawfordsville v. Smith, 79 Ind., 308). While that question has never been before the Supreme Court of this state, yet that court has approved this principle where the action was against a private corporation (Hocking Valley Railway Co. v. Helber, Administrator, 91 Ohio State, 231). The railroad company in building their road had excavated under the public road and had built a bridge across the pub-

lic road, which it was required to maintain. The horse drawing the wagon in which defendant's intestate was riding stumbled and fell against the railing of the bridge, the railing by reason of weakness gave way, resulting in the death of the occupant of the wagon, and the railway company was held liable for negligently causing the death of defendant's intestate.

But in this case we are asked to go a step further and to hold that the county is liable where the intervening or prior cause contributing with the negligence of the county was a negligent act.

The decisions in other jurisdictions are not uniform upon that proposition. Our attention has been called to the case of *Rowell* v. *City of Lowell*, 7 Gray, page 100 (66 American Decisions, 464), in which it is held that where there is a negligent act in conjunction with the negligence of the city, that the party injured can not recover.

The same rule is held in *Bartram* v. *Town of Sharon*, 71 Conn., 686 (46 L. R. A., 144), placing it on the ground that because the liability is a statutory liability, and not a common law liability, then the recovery is in the form of a penalty. It is penalizing the public, and the county is not responsible, where there was another efficient concurring cause contributing jointly with the negligence of the commissioners in producing the injury.

But, on the other hand, we find a majority of the courts, at least, holding differently. The Indiana court, in the case of *Knouff* v. *City of Logansport*, 26 Ind. App., 202 (59 N. E., 347), held that where a party on a bridge, which was required to be guarded by the public authorities, stepped out of the way to avoid an accident with a bicyclist who was wrongfully on the bridge, and fell over the bridge, he was allowed to recover.

To the same effect is the case of *Loso* v. *Lancaster County*, found in 109 N. W., 752. The second proposition of the syllabus reads as follows:

"2. One who is injured by reason of a defective bridge while riding in a private vehicle may recover from a county otherwise liable, notwithstanding the negligence of the driver,

which may have contributed to produce the injury; the injured party being free from negligence, and having no authority or control over the driver.''

The subject was in issue in the following cases and the court announced the same principle as in the cases to which we have just referred: *Village* of *Carterville v. Cook,* 129 Ill., 152 (22 N. E., 14); *City of Rock Falls* v. *Wells,* 169 Ill., 224 (48 N. E., 441); *Van Camp* v. *City of Keokuk,* 130 Iowa, 716 (48 N. W., 933); *Eskeldsen* v. *City of Seattle,* 28 Wash., 585 (70 Pac., 64); *Gould* v. *Schermer,* 70, N. W., 697.

We have this diversity of authorities on this question, and we are left to follow the one which seems to us more reasonable and the more consistent with justice. The diversity in the adjudicated cases seems to turn on whether the recovery provided by statute should be considered a penalty for the neglect of the public officers to perform a requirement of the statute, or an indemnity for an injury directly caused by the negligence of the public officers to comply with the statute.

Now, should we classify such a statute as a penal statute? Justice Shaw, after referring to the words ''penal'' and ''penalty'' as strictly and primarily denoting punishment for crime or offenses against the law, said:

''But they are also commonly used as including any extraordinary liability which subjects a wrongdoer in favor of the person wronged, not limited to the damages suffered.'' *Huntington* v. *Attrill,* 146 U. S., 667.

On the next page of this opinion, the case of *Reed* v. *Northfield,* 13 Pick., 94, is referred to as follows:

''So in an action given by statute to a traveler injured through a defect in a highway, for double damages against the town, it was held unnecessary to aver that the facts constituted an offense, or to conclude against the form of the statute, because, as Chief Justice Shaw said, 'The action is purely remedial, and has none of the characteristics of a penal prosecution. All damages for neglect or breach of duty operate to a certain extent as punishment; but the distinction is that it is prosecuted for the purpose of punishment, and to deter others from offending in

like manner. Here the plaintiff sets out the liability of the town to repair, and an injury to himself from a failure to perform that duty. The law gives him enhanced damages; but still they are recoverable to his own use, and in form and substance the suit calls for indemnity."

We think the construction that should be placed on this statute is just what its language seems to mean. It seems to mean that the public, if they neglect a duty, should be placed on the same ground as an individual, or private corporation neglecting their duty to another, and they should respond in damages.

Section 7563 provides that the board of county commissioners shall erect or cause to be erected and maintained, where not already done, one or more guard-rails on each end of a county bridge, and also on the approaches to the bridge. That was the provision of this statute which was neglected, or not complied with by the county. Now, Section 7564 provides:

"It shall be sufficient compliance with the provisions of the next preceding section if the county commissioners shall cause to be erected and maintained, a good stock-proof hedge fence where a guard-rail is required. Such guard-rails of hedge fence shall be erected in a substantial manner, having sufficient strength to serve a protection to life and property."

The purpose of this section is to protect life and property. Now, the next section provides for the recovery:

"7565. Failure to comply with the provisions of the next two preceding sections shall render the county liable for all accidents or damages as a result of such failure."

It seems to us there is nothing here indicating a penal statute. The county is not made liable in a gross sum for the purpose of punishment, but is liable to the party injured for all damages sustained as a result of such failure.

"A statute which gives a recovery for an injury against him by whom it is committed, to the person injured and to him alone, and limits the recovery to the mere amount of the loss sustained, belongs clearly to the class of remedial statutes." *Boice* v. *Gibbons,* 8 N. J. Law, 330.

The statute is remedial, and gives to the party injured compensation for the injury which he has sustained by reason of the failure to comply with a duty imposed upon the county by statute, and is not a penalty exacted from the county for its failure to perform a statutory duty, or a recovery that should be regarded as penalizing the public for not complying. with the statute. The county, by neglecting this statutory requirement, is made liable to the party injured by its neglect just as a private person is liable for his negligence that causes injury. We think there was no error in the court charging the jury as it did, or in refusing to charge as requested.

Now, there is one other error complained of, that the verdict is against the weight of the evidence because there was a sufficient guard. It seems that there was some evidence that at the end of this bridge or its wing-wall, that at the outer edge of the same the stones were placed a a certain number of inches above the road-bed, and extending out from the bridge some distance. We do not have any doubt that, if there had been a stone abutment built up so as to answer the requirements of this statute to protect life and property, that it would be a compliance with this statutory requirement; the county would not be required to place guard-rails or stock-proof hedge fence if something else had been provided which was equally as efficient. But all we need say about that is that the question was submitted to the jury and they found against the defendant below, and the verdict is not so manifestly against the weight of the evidence that we would be at liberty to disturb the verdict on that ground.

Judgment affirmed.

SPENCE, J., and METCALFE, J., concur.