PISARKE, by guardian *ad litem*, Respondent, vs. WISCONSIN TUNNEL & CONSTRUCTION COMPANY, Appellant.

*May 4—May 31, 1921.*

*Negligence: Steam emitted into street: Automobiles: Injury to pedestrian: Concurring negligence.*

1. In an action for damages suffered by a pedestrian struck by an automobile whose driver was in a cloud of steam and vapor emitted into the highway from the defendant's engine, which was lawfully engaged in work in the street, it is *held* that the jury, in finding that the defendant was negligent in permitting the steam to escape into the street, found negligence in the manner in which the plant was arranged and constructed as alleged in the complaint.

2. Where the steam in the street made travel on the public highway dangerous, the negligence of one who drove an automobile through the steam to plaintiff's injury and the negligence of the construction company concurred in causing the injuries complained of; and the act of the automobile driver was not an intervening cause breaking the causal connection between the act of the defendant and the injuries to plaintiff. ESCHWEILER, J., dissents.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

Personal injuries. The complaint alleges that the defendant had erected and was maintaining on the southeast

corner of Greenbush street and Chicago road a construction house containing a boiler and steam engine and other machinery; that said house had been so negligently and carelessly erected that the steam and clouds of vapor issuing therefrom were caused to pass and were shot across the public highway at that point; that the steam and clouds of vapor obstructed the view on said highway and rendered the same extremely dangerous to pedestrians, passengers, and drivers of vehicles, and all persons using the highway; that at the time of the accident one Labinski was operating an automobile upon the highway in a negligent and careless manner and ran into the cloud of steam and vapor emitted from the construction house, and struck the plaintiff, knocking him down and injuring him; that the negligence of the defendant was the proximate cause of the plaintiff's injuries.

The answer denied negligence on the part of the defendant and alleged contributory negligence on the part of the plaintiff. The case was begun and tried in the civil court of Milwaukee county. The issues were submitted to a jury by special verdict. The jury found as follows:

(1) That there was an unusual volume of steam emitted into the street from defendant's engine or apparatus at and just prior to the plaintiff's injury.

(2) The defendant failed to exercise ordinary care in permitting the steam to be so emitted into the street.

(3) Such failure to exercise ordinary care on the part of the defendant was the proximate cause of the plaintiff's injury.

(4) The driver of the automobile that struck the plaintiff was prevented from seeing the plaintiff in time to avoid the collision, by the steam discharged from the defendant's engine or apparatus.

(5) The driver of the automobile struck the plaintiff by reason of the fact that he was prevented from seeing plaintiff in time to have avoided the collision, by the steam emitted from the defendant's engine or apparatus.

(6) The plaintiff was guilty of no want of ordinary care which proximately contributed to produce his injury.

(7) Plaintiff's damages are assessed at the sum of $750.

After verdict there were the usual motions. The defendant's motions were denied, and plaintiff had judgment upon the verdict as rendered. The defendant company appealed to the circuit court and that court affirmed the judgment of the civil court. The defendant appeals from the judgment of the circuit court.

For the appellant there was a brief by *Kaumheimer & Kenney* of Milwaukee, and oral argument by *R. I. Kenney.*

For the respondent the cause was submitted on the brief of *Robert A. Hess* of Milwaukee.

ROSENBERRY, J.    The main contention made here is that the defendant company was not guilty of negligence.

The verdict of the jury with respect to negligence is as follows: That there was an unusual volume of steam emitted into the street from the defendant's engine or apparatus at the time or just prior to the plaintiff's injuries, and that the defendant failed to exercise ordinary care in permitting the steam to be so emitted into the street. It appeared without dispute that the defendant company was engaged in the doing of public work and that the engine was lawfully in the place where it was situated. The contention of defendant is that there was no evidence which shows that the engine, being lawfully in the street, was operated in an unusual or negligent manner, and that the finding of the jury in that respect cannot be sustained and is without credible evidence to support it. It appears from the evidence that the steam was emitted from the engine which was used to operate a hoisting device by means of an exhaust pipe which extended on the west side of the construction house horizontally about one foot above the ground and into the portion of the street used for traffic. The unoccupied portion of the

street was from eight to ten feet on the west side of Greenbush street, which extends north and south. An elbow might have been placed upon the exhaust pipe which would have caused the steam to be emitted perpendicularly.

It is contended by the defendant that the jury did not find that the negligence of the defendant consisted in the manner in which the plant was arranged and constructed, but rather in the manner in which it was used, there being no evidence that it was used or operated in a negligent manner; that the evidence does not support the verdict. The negligence alleged in the complaint is as to the manner of construction and arrangement, and when the jury therefore found that the defendant was negligent in permitting the steam to be so emitted into the street, it found a fact which related to the arrangement and construction of the plant as alleged in the complaint.

It is further contended that the act of Labinski in operating his automobile upon the highway under the circumstances was an intervening cause and broke the causal connection between the defendant's act and the injuries sustained by the plaintiff. It being established that the defendant was guilty of negligence in operating the plant in the manner in which it was constructed so as to make travel upon the public highway dangerous, the negligence of Labinski, if any, and that of the defendant company concurred in causing the injuries complained of. We think the questions as to the contributory negligence of the plaintiff and the proximate cause of plaintiff's injuries were properly for the jury and their determination is conclusive.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J. (*dissenting*). While the complaint alleged, among other things, negligence and carelessness in the erection of the boiler house, yet the only question submitted to the jury as to defendant's negligence was the

first, namely, "Was there an unusual volume of steam emitted into the street from defendant's engine or apparatus at and just prior to the plaintiff's injury?" The jury answered this "Yes," and the defendant contends, and I think correctly, that the evidence did not support an affirmative finding of the jury to the question as so framed.

The judgment in favor of plaintiff is now being supported on the theory that there was a negligent construction and method of operation of the boiler from which the cloud of steam came at the time of plaintiff's injury. This appears to be a substantially different question from the one answered by the jury. The unusual volume of steam referred to in the first question in the special verdict evidently intended to cover some negligence in the immediate operation of the plant at the time of the injury and not a continuing defect in construction. The question, therefore, upon which the judgment is now predicated by the majority opinion is not the one upon which the defendant was adjudged negligent by the jury. For that reason I think there should have been a new trial rather than an affirmance of the judgment.