## FRANK H. HAMILTON v. CHRIST VARE AND ANOTHER.[1]

December 11, 1931.

No. 28,635.

[1]Reported in 239 N. W. 659.

*Barrows, Stewart, Jackson & Junkin,* for appellant.

*Lewis L. Anderson, Hilary J. Flynn,* and *J. F. Sullivan,* for respondent city of St. Paul.

OLSEN, J.

The appeal is from a judgment in favor of the defendant city of St. Paul entered on an order for judgment notwithstanding the verdict. The defendant Vare is not a party to the appeal. The trial court granted the motion of the city for judgment notwithstanding the verdict on the ground that any negligence on the part of the city in the matter was not a proximate cause of any damage to plaintiff. We have for review the one question whether the evidence was sufficient to show causal connection between the alleged negligence of the city and the personal injury to plaintiff and damage to his automobile; in other words, whether the negligence of the city was a proximate cause of the automobile collision wherein plaintiff was injured and his car damaged. All other questions are eliminated by stipulation of the parties.

Point Douglas road is a street in the city of St. Paul running north and south near the easterly city limits. We refer to this street as the road. Until a few years ago it was a graveled highway some 60 feet wide. A strip of pavement 28 feet wide was then laid along the center of the graveled way and so remains. Along the east side of the road a high bluff rises. Linwood avenue comes from the east on a down-grade through this bluff onto the road and there terminates. During the spring thaw, for a period of some two weeks next prior to March 6, 1930, rain and melting snow had caused water to flow down Linwood avenue and the bluff, carrying some sand and gravel onto the pavement on this road and depositing same in a fan-shaped patch on the pavement. This deposit was

some six to ten inches deep at the edge of the pavement and gradually thinned out to the center, with practically no deposit on the west half of the pavement. Its greatest width was some 50 or 60 feet. On the east half of the pavement the deposit was somewhat rough but not such as to prevent travel over it, and cars had passed over it. Cars coming from the south on the pavement generally turned over to their left onto the west half of the pavement rather than travel over the sand and gravel on the east half thereof. There was 14 feet of pavement and an additional six or more feet of gravel on the west of the center of the road so that cars could pass each other on that side of the road.

On the morning of March 6, 1930, plaintiff, driving his automobile, came from the south on this pavement. When approaching the place where this sand and gravel were located, he turned to his left onto the west half of the pavement to go around the sand and gravel. While so doing he saw the defendant Vare approaching from the north, traveling on his proper west half of the pavement and distant some 400 or 500 feet. Vare was traveling at a speed estimated at about 45 miles an hour. Plaintiff was traveling, as he says, at less than 10 miles an hour. When he came to or near the north edge of the sand and gravel, he turned to the right to get back on his own side of the pavement. In the meantime Vare, seeing the plaintiff over on the west side of the pavement, turned to his left, to the east, to pass plaintiff on that side, and the two cars collided at about the center of the pavement. The plaintiff testified that as he was turning to his right just before the collision his car momentarily slid or skidded on account of some rut or gravel, but the evidence does not show that to have been any cause of the collision.

■ Plaintiff quotes a number of definitions of "proximate cause." In attempting to apply definitions or rules of law to the facts here shown, we start with the facts that this deposit of sand and gravel was a condition existing at the time and that no injury resulted from that condition. Neither car came into the collision because it was on or in contact with the gravel and sand. Both cars were

outside of the so-called obstruction and not affected by it when they collided. The jury held Vare liable on the ground that he was negligent in the operation of his car. Vare turned to his left on the road because he saw plaintiff on the west side of the road. Vare's turning would have brought him onto, not out of, the gravel and sand. He could safely have proceeded over the gravel and sand if he had not collided with plaintiff's car. In like manner, plaintiff was safely on his way over to his right side of the road, except for the fact that Vare turned his car in the same direction. The gravel and sand were a condition, perhaps a remote cause, but not a direct or proximate cause.

■ That where an act or omission is negligence the one guilty of such negligence is liable for any injury proximately resulting therefrom, although he could not have anticipated the particular injury, is elementary law, but leaves the question of proximate cause undetermined.

So, also, a discussion of whether an act or omission is such that an ordinarily prudent person should have anticipated, under the circumstances existing, that injury might result therefrom, is a question of negligence, but not a question of proximate cause.

As said in the opinion by Justice Mitchell in Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, statements that in order to find that negligence is the proximate cause of an injury it must appear that the injury was the natural and probable consequence of the negligent act, and such as might or ought in the light of attending circumstances to have been anticipated, are mere obiter.

The test of proximate cause is not whether the particular injury or any injury could or should have been anticipated, but is whether there was direct causal connection between the alleged negligent act or omission and the resulting injury.

A number of cases are cited where persons were injured by reason of defects or unsafe conditions of streets and sidewalks, such as driving into holes or obstructions in streets, stepping into holes or defects in walks, or by other acts or omissions resulting directly in injury. In all these cases, so far as we have been able to ascer-

tain, there was direct causal connection between the negligent act or omission and the resulting injury. A few of the cases may be noted.

In Healy v. Hoy, 115 Minn. 321, 132 N. W. 208, plaintiff's intestate was injured by the negligence of defendant. That defendant's negligence was the proximate cause of his injury was not here questioned. The injured person died some eight months later, and the only question here was whether his injury was a contributing cause of his death. There was opinion evidence by medical experts that the disease from which he died was the result of his prior injury. The issue was held to be a question of fact for the jury.

In Pisarki v. Wisconsin T. & C. Co. 174 Wis. 377, 183 N. W. 164, the action was not against the city. Defendant company was doing construction work on a street. In so doing it negligently caused dense steam to be discharged into the street so as to obstruct the view of travelers thereon. A person driving an automobile drove into this steam and, because his view was obstructed thereby, ran into and injured a pedestrian on the street, either while in the steam or as he was emerging therefrom. The negligent discharge of the steam into the street was properly held a direct cause of the accident.

In Whitlatch v. City of Iowa Falls, 199 Iowa, 73, 201 N. W. 83, there were ruts or gulleys washed out in a narrow street grade, and plaintiff after dark drove his automobile into these ruts, causing the car to run off the grade and overturn. The negligence of the city in permitting this unsafe condition of the street was properly held the direct cause of the accident.

The case of City of Rock Falls v. Wells, 169 Ill. 224, 48 N. E. 440, may be somewhat in point. Plaintiff (Wells) was driving along a street in a sleigh drawn by a horse. She saw a runaway horse with a buggy attached coming down the street toward her. In attempting to get out of the way she drove into an obstruction in the street, negligently permitted to remain there by the city, and her sleigh became stalled. She then got out of the sleigh, and in an attempt to ward off the oncoming runaway horse she was injured. Whether the negligence of the city was a proximate cause of her injury was

held a question of fact for the jury. The direct cause of her being stalled in a place of danger was the obstruction in the street.

In Barrett v. Mayor, 9 Ga. App. 642, 72 S. E. 49, the city negligently made an excavation along the side of a street without any guard rail or barrier to prevent persons driving into it. Plaintiff was driving a horse attached to a buggy on the street alongside this excavation. An automobile coming from the other direction drove so close to her horse as to cause it to shy and back the buggy into the excavation, whereby the plaintiff was injured. The excavation, in that situation, was a direct cause of the injury.

We find in these cases nothing decisive of our present case. Plaintiff was not stalled. He was not in or upon the sand and gravel nor injured by it. At the speed he was going he could have gone on over the sand and gravel on his own side of the road with apparent safety. He was injured by the negligence of the driver of a car coming from the opposite direction.

■ While proximate cause is generally a jury question, it is no more and no less so than any other issue of fact. It is not a jury question if, viewing the facts in the most favorable light for plaintiff, there is no sufficient evidence to sustain a finding of proximate cause. Cole v. German S. & L. Soc. (C. C. A.) 124 F. 113, 63 L. R. A. 416.

It is not necessary that the negligence of the city should be the sole cause or the immediate cause of the injury, but it must be a direct, a proximate cause.

■ The evidence here does not justify any finding that the negligence of the city was a direct or proximate cause of the injury to plaintiff.

The question of intervening cause need not be discussed.

Judgment affirmed.