JOURNAL ENTRY AND OPINION
Plaintiff class representative Theresa O. Jenkins[1] appeals from the order of the trial court which determined that claims for violation of R.C. 5301.36 are subject to the one year statute of limitations set forth in R.C. 2305.11(A). Defendant Fidelity Financial Services of Ohio, Inc. ("Fidelity") cross-appeals from the order which certified this matter as a class action. For the reasons set forth below, we affirm the rulings below.
On December 10, 1997, Jenkins filed a complaint against Fidelity in which she asserted that Fidelity violated R.C.5301.36(B) by failing to file a satisfaction of her mortgage within ninety days. Jenkins also asserted that the matter should be certified as a class action to include "all other persons who since December 14, 1991 paid off residential mortgages recorded in Ohio where [Fidelity] was mortgagee [and] did not record the fact of these satisfactions within ninety days as required by R.C. 5301.36(B)."[2] Plaintiff sought statutory damages of $250 and also filed a motion for class certification. Fidelity opposed class certification and also asserted that the claims of the class were barred if not filed within one year, pursuant to R.C.2305.11(A).
The matter came on for hearing on October 1, 1998. Plaintiff filed four affidavits of other individuals who also asserted that Fidelity had not complied with the requirements of R.C. 5301.36
after their mortgages were satisfied. All four affiants averred that they wanted Jenkins to represent their interests within the present action. Plaintiff's counsel also indicated that although Fidelity had admitted to approximately seventy failures to timely file satisfactions of mortgages, the results of discovery suggest that the number was probably in the hundreds. Plaintiff's counsel also indicated that he has served as class counsel in a previous class action case. Fidelity argued that the matter involved a variety of claims and that a one year statute of limitations should be applied to plaintiff's R.C. 5301.36.
The trial court subsequently issued an order which provided in relevant part as follows:
 The Court finds that the action which Plaintiff seeks to bring is founded in Revised Code 5301.36. The court further finds that Revised Code 2305.11(A) applies to this action thereby limiting the class to those persons for whom this cause of action as enunciated below.
 The Court grants Plaintiff's Motion for Class Certification, as amended by this Court, for all persons who, since December 10, 1996, paid off residential mortgages recorded in Ohio where Fidelity Financial Services of Ohio, Inc. or General Credit Company of Ohio, Inc. was the mortgagee where Fidelity/General did not record the facts of these satisfactions with county recorders' offices within 90 days.
 Plaintiff has demonstrated that an identifiable class exists and that she is a member of it as amended. She has also satisfied the numerosity, commonality, typicality and adequate representation requirements for this complaint as amended by the Court.
 She has also demonstrated and convinced the Court that common questions of law or fact predominate over individual issues and the class action vehicle is superior to other available methods for the fair and efficient adjudication of this controversy.
Jenkins now appeals on behalf of the class and assigns a single error for our review. Fidelity cross-appeals and challenges the trial court's certification of this matter as a class action.
I. JENKINS' APPEAL
The class asserts that the trial court erred in applying the one year statute of limitations set forth in R.C. 2305.11(A) and not the six year statute of limitations set forth in R.C.2305.07. The class also asserts that the trial court erred in refusing to add an additional ninety days to the limitations period in order to reflect the time it takes for a cause of action to accrue under R.C. 5301.36(B).
R.C. 5301.36 provides in relevant part as follows:
 (B) Within ninety days from the date of the satisfaction of a residential mortgage, the mortgagee shall record the fact of the satisfaction in the appropriate county recorder's office and pay any fees required for the recording. The mortgagee may, by contract with the mortgagor, recover the cost of the fees required for the recording of the satisfaction by the county recorder.
 (C) If the mortgagee fails to comply with division (B) of this section, the mortgagor may recover, in a civil action, damages of two hundred fifty dollars. This division does not preclude or affect any other legal remedies that may be available to the mortgagor.
This statute does not state a limitations period. We therefore look to R.C. Chapter 2305 to ascertain a limitations period.
R.C. 2305.07 states:
 Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.
R.C. 2305.11(A) states:
 (A)(1) Subject to division (A)(2) of this section, an action for libel, slander, malicious prosecution, or false imprisonment, an action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim, or an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrues, * * * *.
Therefore, the relevant inquiry is whether the statutory damages set forth in R.C. 5301.36(C) are a "liability created by statute" or a "penalty or forfeiture."
In Bourekis v. Saidel Assoc. (June 22, 1994), Montgomery App. No. 14105, unreported, the court stated:
 Initially we note that Chapter 2305 does not define the term "penalty." However other courts have provided guidance on how to ascertain whether a statute is penal in nature.
 In Commissioners of Belmont Cty. v. Brown (1916), 5 Ohio App. 394. 402-03, the Court of Appeals of Belmont County described a penal statute as one which "make[s a party] liable in a gross sum for the purpose of punishment * * *." The court further indicated that the purpose of the recovery provided by such a statute is to penalize non-compliance. The court contrasted this with the definition of a "remedial" statute: "`A statute which gives a remedy for an injury, against him by whom it is committed, to the person injured and to him alone, and limits the recovery to the mere amount of the loss sustained, belongs clearly to the class of remedial statutes.'" Brown, supra at 403 quoting Boice v. Gibbons, 8 N.J. Law (3 Hals.), 330.
In this instance, R.C. 5301.36 makes the mortgagee liable for the gross sum of $250 for failing to timely file satisfaction of a mortgage. The purpose of the recovery provided by such a statute is to penalize non-compliance, without any regard to whether the mortgagor has suffered any actual losses. We therefore conclude that an action pursuant to R.C. 5301.36(C) is an action upon a statute for a penalty or forfeiture which is subject to the one year limitations period of R.C. 2305.11(A).
Further, in Lynch v. Dial Finance Co. of Ohio No. 1, Inc.
(1995), 101 Ohio App.3d 742, this court held that the plaintiffs' claim that the defendants violated R.C. 1321.51 by charging plaintiffs for credit and accident insurance was an action upon a statute for a penalty or forfeiture which was subject to a one year limitations period.
By application of the foregoing, we conclude that the trial court correctly determined that claims brought pursuant to R.C.5301.36 are subject to a one year limitations period.
As to the class' additional claim that the limitations period must be extended by ninety days, the time within which the cause of action accrues, R.C. 2305.11(A) affords no basis for tacking on an additional ninety days. However, the cause of action accrues ninety days after the mortgage is satisfied, and the one year period clearly begins to run from this time. Cf. Oliver v.Kaiser Community Health Found. (1983), 5 Ohio St.3d 111, 112.
The assignment of error lacks merit.
II. FIDELITY'S CROSS-APPEAL
Within its cross-appeal, Fidelity maintains that the trial court erred in certifying this matter as a class action because Jenkins is asserting only claims pursuant to R.C. 5301.36(C) and other members of the class may also assert additional claims, including claims for slander of title. Fidelity thus maintains that the trial court erred insofar as it determined that Jenkins had satisfied the typicality and adequacy requirements of Civ.R. 23(A), and predominance and superiority requirements for certification pursuant to Civ.R. 23(B).
In evaluating a trial court's determination that a matter will be maintained as a class action, reviewing courts consider whether the trial court abused its discretion. Hamilton v. OhioSav. Bank (1998), 82 Ohio St.3d 67, 70. The reviewing court considers whether such discretion was exercised within the framework of Civ.R. 23, however. Id. Civ.R. 23 sets forth seven requirements which must be satisfied before an action may be maintained as a class action:
 (1) An identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met. Civ.R. 23(A) and (B); Warner v. Waste Mgt., Inc.
(1988), 36 Ohio St.3d 91, 521 N.E.2d 1091.
Id.
In this matter, it is clear that there is an identifiable class and definition of the class is unambiguous. The named representative has obtained two loans from Fidelity and, allegedly, in both instances, the satisfaction of the mortgages was not recorded pursuant to R.C. 5301.36. Fidelity concedes that the numerosity requirement is met. We therefore look at the remaining requirements.
In Hamilton v. Ohio Savings, supra, the Supreme Court stated:
 The requirement for typicality is met where there is no express conflict between the class representative and the class.
Fidelity asserts that typicality is not met since other class members may assert additional claims which would be barred by the doctrine of res judicata since Jenkins seeks only to obtain the statutory sum of $250 per claim within the class action. We cannot accept this argument since other claimants wishing to advance additional claims would simply decline to join the action and therefore preserve their individual rights. Further, as theHamilton Court observed, "The fact that appellants present additional claims for failure of their loans to amortize within its intended term does not preclude the representation of these subclasses.") Id., at 74.
Fidelity also asserts that each claim sought to be advanced is too individualized to warrant class treatment since it must be analyzed on the basis of its own facts. This requirement, commonality, is met if there is a common nucleus of operative facts. Id., at 77. This factor is met herein since the entire named class has allegedly not received timely recordation of mortgage satisfaction.
As to whether Jenkins can provide adequate representation, theHamilton Court instructs that a representative is deemed adequate so long as his or her interest is not antagonistic to that of other class members. Here again Fidelity claims that other unnamed plaintiffs may wish to assert other claims, including claims for slander of title, and Jenkins has no interest in pursuing such claims, thereby creating conflict between herself and the others. We note, however, that there are no separate actions against Fidelity for slander of title despite the numerous failures to comply with R.C. 5301.36 and the likelihood that the absent class members wish to aggressively pursue all of their rights, and resulting antagonism, is not manifest.
Finally, in that there is an absence of separate lawsuits for slander of title, and in that this matter does focus exclusively upon violations of R.C. 5301.36, common issues predominate. In addition, the separate matters would involve great duplication of time and effort and yield very small recoveries and have not been filed, weighing in favor of certification. Id., at 81.
In accordance with the foregoing, we are unable to conclude that the trial court abused its discretion in determining that this matter is to proceed as a class action.
Fidelity's assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J., AND SWEENEY, J., CONCUR.
 _______________________ ANN DYKE JUDGE
[1] Appellant Daisy Singleton has been dismissed from this action.
[2] Plaintiff was subsequently granted leave to amend her complaint to assert claims on behalf of all persons who paid off mortgages issued by Fidelity or General Credit Co. of Ohio, Inc. (the name under which Fidelity previously issued mortgages, according to plaintiff) since the effective date of R.C.5301.36 (C). December 13, 1984. Plaintiff also alleged in an amendment by interlineation, that she satisfied one or both mortgages in January 1997.