JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff appeals from a common pleas court order granting class certification and defining the class to include "[a]ll persons, since March 31, 2001, whose residential mortgages recorded in Ohio were paid off, but where Countrywide Home Loans, Inc. as the mortgage holder did not record releases with the county recorders within 90 days of payoff." His single assignment of error contends that the class should not have been so limited because a six-year statute of limitations applies to the class's cause of action, not the one year limitations period which the court found to apply. We find that the court did not abuse its discretion in defining the class. Therefore, we affirm.
 {¶ 2} Plaintiff filed this action on June 11, 2002, asserting a claim for statutory relief, interest, and costs on behalf of himself and "all persons who paid off mortgage loans where Countrywide Home Loans, Inc. was the mortgagee, and whose mortgage satisfactions were not timely filed as required by [R.C.5301.36(B)]." Plaintiff subsequently filed a brief in support of class certification. He asked the court to certify two classes, a class of Ohio property owners whose releases were not timely recorded by the defendant as required by R.C. 5301.36, and a class of mortgagors in other states whose releases were not timely recorded by the defendant under the laws of those states. Defendant opposed this motion. The court denied certification of the proposed class of out-of-state plaintiffs, and limited the class of in-state plaintiffs to those who, since March 13, 2001, paid off residential mortgages recorded in Ohio by Countrywide, where Countrywide did not record the fact of satisfaction of the mortgage within 90 days, the statutory time limit. The court explicitly determined that the one year statute of limitations for actions on "a statute for a penalty or forfeiture" was applicable to this action, and limited the class accordingly.
 {¶ 3} Plaintiff now argues that the applicable statute of limitations is six years, pursuant to R.C. 2305.07, not the one year period set forth in R.C. 2305.11(A). R.C. 2305.07 describes the limitations period for "an action upon . . . a liability created by statute other than a forfeiture or penalty," while R.C. 2305.11(A) provides the statute of limitations for "an action upon a statute for a penalty or forfeiture." The issue squarely presented is whether plaintiff's cause of action seeks to impose a "penalty or forfeiture" or another type of "liability created by statute."
 {¶ 4} This court recently decided this issue in Jenkins v.Fidelity Financial Services (Dec. 2, 1999), Cuyahoga App. No. 75439. In Jenkins, as in this case, the plaintiff sought certification of a class of plaintiff mortgagors who had satisfied their residential mortgages, but as to whom the defendant mortgagee had failed to file the satisfaction of the mortgage within 90 days. The trial court determined that a one year statute of limitations applied to a cause of action for statutory damages under R.C. 5301.36, and limited the class accordingly. This court agreed with this determination, finding that the damages prescribed by R.C. 5301.36 penalized a mortgagee's failure to timely file a satisfaction of a mortgage without regard to any actual loss suffered by the mortgagor, and therefore constituted a penalty as to which the one year statute of limitations set forth in R.C. 2305.11(A) applied.
 {¶ 5} Plaintiff now argues that our decision in Jenkins was "based on an incorrect legal analysis" because it relied uponBourekis v. Saidel Assoc. (June 22, 1994), Montgomery App. No. 14105, the rationale of which was later rejected by the Ohio Supreme Court. This court quoted Bourekis for the purpose of distinguishing a "penal statute" from a "remedial statute." The portion of the Bourekis opinion we quoted is based onCommissioners of Belmont Cty v. Brown (1916), 5 Ohio App. 394, and remains unassailable: A penal statute is one which "makes a party liable in a gross sum for the purpose of punishment," and is intended to penalize non-compliance, while a remedial statute is one which "gives a remedy for an injury against him by whom it is committed, to the person injured and to him alone, and limits the recovery to the mere amount of the loss sustained." Brown,5 Ohio App. at 402-03. Therefore, we reject plaintiff's attempt to undermine the validity of our holding in Jenkins.
 {¶ 6} Plaintiff also argues that R.C. 5301.36(C) must be remedial, not penal, because it refers to the statutory amount as "damages," not as a "penalty." This argument is overly simplistic. While R.C. 5301.36(C) allows a mortgagor to recover "damages of two hundred fifty dollars," it also expressly provides that "[t]his division does not preclude or affect any other legal remedies that may be available to the mortgagor." This provision makes it clear that the $250 statutory amount may be awarded over and above any actual damages recoverable in another civil cause of action. Such a provision is clearly penal, not remedial, in nature.
 {¶ 7} Accordingly, we overrule appellant's sole assignment of error, affirm the trial court's decision, and remand for further proceedings.
Anthony O. Calabrese, Jr., and Ann Dyke, JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.